661 So.2d 1291 (1995)
Lorenzo JONES, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 94-2760.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
Lorenzo Jones, Riviera Beach, pro se.
Gary M. Farmer, Jr. of Bunnell, Woulfe, Keller & Gillespie, P.A., Fort Lauderdale, for appellee.
PARIENTE, Judge.
Appellant (plaintiff) appeals from an order dismissing his complaint with prejudice. In his single-count complaint, plaintiff alleged that the Department of Health and Rehabilitative Services (HRS) was negligent in its testing of him for sexually transmitted diseases, including the HIV virus, and in incorrectly informing him that he tested HIV positive when, in fact, proper retesting clearly established he was HIV negative. He claimed that as a result of the negligence, he had been permanently injured and suffered bodily harm. HRS moved to dismiss the complaint based on plaintiff's failure to satisfy the impact rule.
Subsequent to the decision by the trial court in this case, our supreme court decided R.J. v. Humana of Florida, Inc., 652 So.2d 360 (Fla. 1995), which upheld the continuing vitality of the impact doctrine in Florida and specifically applied it to a cause of action for negligent diagnosis of HIV. In fact, the complaint in R.J. and the complaint here are substantially similar. While refusing to create an exception to the impact rule for misdiagnosis of HIV, our supreme court held:
[W]e reject R.J.'s argument that his second amended complaint contains sufficient allegations to meet the requirements of the physical impact rule. As previously indicated, R.J. claimed that, as a result of the misdiagnosis, he suffered "bodily injury including hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and the reasonable expense for medical care and attention." We find that these intangible, mental injuries are insufficient to meet the physical injury required under the impact rule. We do recognize, however, that a negligent misdiagnosis such as the one at issue could result in unnecessary and harmful medical treatment that does in fact cause bodily injury, which, in turn, would satisfy the requirements of a physical impact. Although we find that the touching of a patient by a doctor and the taking of blood for ordinary testing would not qualify for a physical impact, other more invasive medical treatment or the prescribing of drugs with toxic or adverse *1292 side effects would so qualify. If R.J. can establish that the misdiagnosis in this case led to invasive medical treatment or prescriptions of caustic medication such as Azidothymidine (commonly known as "AZT"), and that he suffered bodily injury from that treatment, then he would have met the requirements of the impact rule and would be able to recover for the emotional trauma suffered as a result of that treatment.

Id. at 364 (emphasis supplied). Our supreme court determined that the petitioners should have the opportunity to state a claim under the principles it enunciated.
In this case, if plaintiff is able to allege that the misdiagnosis led to invasive medical treatment or that he received prescriptions of caustic medication such as AZT, and that he suffered bodily injury from that treatment, in accordance with R.J. he would meet the requirements of the impact rule and therefore state a cause of action. Because plaintiff's complaint was filed during the pendency of R.J. and without the benefit of the holding in that case, we reverse and remand in order to allow plaintiff the opportunity to amend his complaint in accordance with the supreme court's decision in R.J.
REVERSED AND REMANDED.
DELL and KLEIN, JJ., concur.